CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD CREWS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:07-cv-00333 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MEMBERS OF THE | ) | |
| COMMONWEALTH OF | ) | |
| VIRGINIA, et al., | ) | By: Hon. James C. Turk |
|     Respondent. | ) | Senior United States District Judge |
| | ) | |

Petitioner Richard Crews, proceeding pro se, brings this action as a petition for writ of mandamus against various state officials. Crews asks this court to issue a mandamus against a state court judge before he sentences Crews on state criminal convictions on July 11, 2007, ordering the judge to consider Crews' substantial mental health problems and treatment needs. Upon consideration of the petition, the court is of the opinion that it should be denied.

To the extent that plaintiff seeks to have this Court direct an action by state officials or to direct a specific outcome in state court, federal courts have no general power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). As Crews fails to demonstrate that this court has power to issue the writ of mandamus that he seeks against the state court judge, the court will dismiss his petition for lack of jurisdiction.

To the extent that Crews claims that inadequate mental health treatment he has allegedly received at the local jail is somehow making the criminal proceedings unconstitutional,[1] he may be

---

[1] Although Crews complains about the adequacy of his mental health treatment, he does not indicate any desire to sue individual prison officials for violating his constitutional rights related to

1

seeking to invalidate those proceedings. Such habeas corpus claims arise under 28 U.S.C. § 2241 (if petitioner is not yet confined pursuant to a state court judgment) or 28 U.S.C. § 2254 (if he is incarcerated pursuant to a state court judgment). A state inmate claiming unconstitutional confinement, whether before or after conviction and sentencing, must give the state courts an opportunity to address his claims before seeking federal habeas relief. Preiser v. Rodriguez, 411 U.S. 475 (1973) ( § 2254 cases); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973) (§ 2241 cases). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654.

In this case, the petition clearly shows that petitioner has not presented his claims to the Supreme Court of Virginia as required. Indeed, as his sentencing hearing has not yet occurred, he has not yet presented his claims adequately to the state trial court. Because he has clearly failed to exhaust his state court remedies, the court will not construe his current petition as one arising under § 2241 or § 2254, but will dismiss his petition without prejudice.[2]

---

medical care, pursuant to 42 U.S.C. § 1983. Therefore, the court will not construe his current pleadings as a civil rights complaint, pursuant to § 1983. Moreover, to file such a lawsuit, Crews would first need to prove exhaustion of administrative remedies at the jail, and he offers no indication that he has met this requirement. See 42 U.S.C. § 1997e(a).

[2]Once petitioner has presented his claims to the appropriate state courts, including the Supreme Court of Virginia, he may file a petition for a writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2254. Petitioner is advised, however, that his time to file state or federal habeas petitions is limited. See 28 U.S.C. § 2244(d); Va. Code Ann. § 8.01-654(A)(2).

2

In conclusion, the court has no jurisdiction to issue the requested writ of mandamus and so must dismiss the petition without prejudice. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send a copy of this memorandum opinion and final order to petitioner.

ENTER: This 10th day of July, 2007.

*James C. Turk*
Senior United States District Judge